*In re* ROBERT OPIO, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ROBERT OPIO, Respondent-Appellant.)

(No. 61795;

First District (4th Division)—October 22, 1975.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Robert Opio made an admission to an assault charge in juvenile court and a finding of delinquency was entered. A dispositional hearing was held and the minor was placed on 6 months' probation. Robert Opio was later brought before the juvenile court because of his alleged complicity in a robbery. As a result of the new charges, the juvenile was charged with violating his probation. There was a probation revocation hearing and the court found that he had violated his probation. At a dispositional hearing, the court committed Opio to the Department of Corrections.

The minor filed a notice of appeal on November 20, 1974. However, his attorney, after examining the record, has filed a motion seeking leave to withdraw. The motion is supported by a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The motion and brief conclude that an appeal would be frivolous and devoid of merit. Copies of the motion and brief were mailed to the minor on May 19, 1975. Respondent was further advised by this court on June 4, 1975, to file any points he might choose in support of his appeal no later than July 19, 1975, after which date the court would make a full examination of all proceedings and decide whether the appeal is frivolous. The respondent has neither obtained new counsel nor filed any briefs in support of his appeal.

Counsel contends that a violation of a condition of probation was proved by a preponderance of the evidence; that error was committed when the juvenile was incarcerated for a period in excess of 15 days prior to the probation revocation hearing, but the error was mooted by the trial since, at most, the minor would have been entitled to release and not discharged; and that the dispositional hearing complied in all important respects with the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, § 701—1 *et seq.*).

We have made a careful review of the proceedings and documents in this case and agree with the public defender that there are no issues to be raised in this appeal that are not frivolous. Accordingly, the motion of the public defender for leave to withdraw as counsel is granted, and the judgment of the circuit court of Cook County is affirmed.

Motion allowed. Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.